UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOSEPH PARSLEY,** | ) | |
| | ) | |
| **PETITIONER** | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 08-88-P-H** |
| | ) | [Crim. No. 05-86-P-H-09] |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **RESPONDENT** | ) | |

### ORDER AFFIRMING IN PART AND REMANDING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Upon *de novo* review of the Magistrate Judge's Recommended Decision (Docket Item 20) and all the pleadings in the case, I **AFFIRM** all her findings and conclusions except one. As she recognizes,

> [I]f the sentencing judge believes that a further reduction in sentence would have occurred had Parsley pled open [*i.e.*, without a plea agreement], then this record would provide a basis for a 28 U.S.C. § 2255 evidentiary hearing on the questions of whether or not counsel failed to advise Parsley about the advisability of proceeding with an open plea and leaving the drug quantity determination for the PSI preparation process and sentencing proceeding. The factual dispute is whether or not [Attorney] Maselli advised Parsley to go to trial as the only way to dispute precise drug quantities or whether Maselli was acquiescing to Parsley's insistence on a trial. With the United States clearly not interested in a plea agreement that lowered Parsley's drug quantity exposure, the Government would have been in a position to generate the same evidence on drug quantity at sentencing that it did at trial. It does not seem likely that the one point for acceptance of responsibility was going to be recommended by the Government on the basis of an open plea so the question boils down to whether or not this Court would have further reduced Parsley's sentence had he entered an open plea. The prospect of this relief does not appear obvious or apparent to me from

> the record alone, although the United States is a little too dismissive of the idea that the Court may not have wound up at a sentence lower than 87 months. However, if the Court determines that—had Parsley "accepted responsibility" by entering an open plea—the sentence would have been reduced, then a factual determination would have to be made regarding the advice Maselli gave to Parsley prior to trial.

Recommended Decision at 9-10.  As the sentencing judge, I conclude that acceptance of responsibility and the lower advisory Guideline range might well have affected my sentence even under a <u>Booker</u> analysis, and the fact that I departed downward one level under the Guidelines for overstated Criminal History does not that alter that conclusion.

Consequently, I **REMAND** the matter to the Magistrate Judge for an evidentiary hearing on the issue she describes.

**SO ORDERED.**

**DATED THIS 18TH DAY OF DECEMBER, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2